IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TERRANCE BARGNARE,
        Plaintiff,

vs.                                                      Case No. 3:11cv360/LAC/EMT

CHRISTOPHER ROSS et al.
        Defendants.

## REPORT AND RECOMMENDATION

       This cause filed pursuant to Title 42 United States Code Section 1983 is presently before the court on Plaintiff's civil rights complaint (doc. 1). Leave to proceed in forma pauperis was granted, and no initial partial filing fee was assessed (doc. 5 & 7).

       Since Plaintiff is proceeding in forma pauperis, the court is required to dismiss the case at any time if it determines that the "action or appeal" is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B). A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989). Dismissals for failure to state a claim under 1915(e)(2)(B)(ii), which tracks the language of Fed. R. Civ. P. 12(b)(6), are governed by the same standard as that rule. Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff. *See* Pielage v. McConnell, 516 F.3d 1282 (11th Cir. 2008); Thaeter v. Palm Beach County Sheriff's Office, 449 F.3d 1342, 1352 (11th Cir. 2006); Davis v. Monroe County Bd. Of Educ., 120

F.3d 1390, 1393 (11th Cir. 1997).  Plaintiff must allege more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action," and his complaint must include factual allegations sufficient "to raise a right to relief above the speculative level."  <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955, 1964–65, 1973 n.14, 167 L. Ed. 2d 929 (2007) (declining to apply a heightened pleading standard, and abrogating <u>Conley v. Gibson</u>, 355 U.S. 41, 47, 78, S. Ct. 99, 2 L. Ed. 2d 80 (1957) ("a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  355 U.S. at 45–46, 78 S. Ct. 99.))  A complaint is subject to dismissal for failure to state a claim "when its allegations, on their face, show that an affirmative defense bars recovery on the claim."  <u>Douglas v. Yates</u>, 535 F.3d 1316, 1321 (11th Cir. 2008) (quoting <u>Cottone v. Jenne</u>, 326 F.3d 1352, 1357 (11th Cir. 2003)).   Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant.  <u>Cockrell v. Sparks</u>, 510 F.3d 1307, 1310 (11th Cir. 2007) (citing <u>Hall v. United Ins. Co. Of Am.</u>, 367 F.3d 1255, 1263 (11th Cir. 2004)).  Upon review of Plaintiff's complaint, the court concludes that Plaintiff has not presented an actionable claim and that sua sponte dismissal is therefore warranted.  <u>Vanderberg v. Donaldson,</u> 259 F.3d 1321, 1323 (11th Cir. 2001).

      Plaintiff's allegations stem from Defendant Assistant Public Defender Christopher's Ross's representation of him in a criminal case before Circuit Judge Rimmer.  He claims that Ross failed to stop Judge Rimmer from violating his rights, that Ross refused to call witnesses on his behalf, that Ross failed to follow up on a potential line of defense, and that Ross's representation of him was generally ineffective.  Plaintiff asserts that he informed Public Defender James Owens that he was going to "litigate for damages" caused by his employee's actions, although there are no allegations that Owens was in any way personally involved in Plaintiff's criminal case.  Plaintiff states that he seeks the maximum allowed by the tort laws of the state for the alleged violations of his Sixth and Fourteenth Amendment rights.  He is currently incarcerated.

      In any section 1983 action, the initial inquiry must focus on whether two essential elements are present:

1. whether the conduct complained of was committed by a person acting under color of state law; and

2. whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254–55, 101 L. Ed. 2d 40 (1988) (citations omitted); Holmes v. Crosby, 418 F.3d 1256, 1258 (11th Cir. 2005) (citing West).

The United States Supreme Court has held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325, 102 S. Ct. 445, 453, 70 L. Ed. 2d 509 (1981); Georgia v. McCollum, 505 U.S. 42, 53, 112 S. Ct. 2348, 2356, 120 L. Ed. 2d 33 (1992); Tapp v. Champagne, 164 Fed. Appx. 106 (2nd Cir. 2006). This is because the attorney-client relationship is essentially a private function, traditionally filled by retained counsel, for which state office and authority are not needed." Dodson, 454 U.S. at 319, 102 S. Ct. at 450. Plaintiff's apparent claim of inadequate representation falls squarely under Dodson and is therefore barred.[1]

Even if Plaintiff were able to state a claim against attorney Ross, his claim against Ross's supervisor James Owens, the only other named Defendant, would fail because respondeat superior, without more, does not provide a basis for recovery under section 1983. Polk County v. Dodson, 454 U.S. 312, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981); Goebert v. Lee County, 510 F.3d 1312, 1331 (11th Cir. 2007); Cottone v. Jenne, 326 F.3d 1352 (11th Cir. 2003). "Supervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." Cottone, 326 F.3d at 1360; *see also* Marsh v. Butler County, 268 F.3d 1014, 1035 (11th Cir. 2001). Thus, one cannot be held liable for the actions or omissions of others, but can only be held responsible if he participated in the deprivation of Plaintiff's constitutional rights. Marsh, *supra*; Harris v. Ostrout, 65 F.3d 912, 917 (11th Cir. 1995). Here, there is no actionable § 1983 claim against either Defendant.

---

[1] Allegations of conspiracy between a private party and a state actor, which are not suggested here, may support a § 1983 action. *See* Tower v. Glover, 467 U.S. 914, 920, 104 S. Ct. 2820, 2824, 81 L. Ed. 2d 758 (1984).

Case No: 3:11cv360/LAC/EMT

As Plaintiff cannot successfully bring his action as a violation of 42 U.S.C. § 1983, the court is satisfied that Plaintiff's complaint lacks an arguable basis in law or fact and that it fails to state a claim.

Accordingly, it is respectfully **RECOMMENDED**:

That this cause be **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

At Pensacola, Florida, this 16th day of August, 2011.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**